IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **RAMON AYALA-BERDECIA**<br>    **Petitioner**<br><br>           **v.**<br><br>**UNITED STATES OF AMERICA**<br>    **Respondent** | **Civil No. 04-1662 (SEC)**<br>[Related to Criminal No. 01-98 (SEC)] |

### MAGISTRATE-JUDGE'S REPORT AND RECOMMENDATION

Ramón Ayala-Berdecía (hereafter "Ayala") filed a Verified Petition to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 on July 1, 2004 (**Docket No. 1**). Ayala claims that he was denied effective assistance of trial counsel. The government opposes the petition and submits that his claims are devoid of merit (**Docket No. 8**).

This matter was referred to the undersigned for report and recommendation (**Docket No. 9**). For the reasons set forth below, this Magistrate-Judge **RECOMMENDS** that the petition be **DENIED**.

**I.      Procedural and Factual Background**

Ayala was the only named defendant in a three count indictment filed on March 7, 2001. *Criminal Case No. 01-98(SEC)*, **Docket No. 2**. He was charged in each of the three counts with possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1). The drug amounts charged in each respective count were 21.5 grams, 45.2 grams and 17.2 grams of cocaine base. In sum, defendant was charged for the illegal possession with intent to distribute, a total of 83.9 grams of cocaine base.

A change of plea hearing was held on February 25, 2003. *Id.* at **Docket No. 51**. At that time Ayala withdrew his previous not guilty plea and pursuant to the Plea Agreement he entered into with the government, plead guilty to Count Two of the Indictment. *Id.* at **Docket No. 50**. The Plea Agreement provided that upon sentencing the government was to move for the dismissal of Counts One and Three of the Indictment. *Id.* at para. 12.

In the written Plea Agreement Ayala agreed to and accepted responsibility for the illegal possession with intent to distribute 45.2 grams of cocaine base. *Id. at* para. 7.a. The parties jointly agreed on a recommended sentence of 96 months of imprisonment, said term to run concurrently with any other term imposed by the Court as a result of a supervised release revocation in Criminal Case No. 92-327(HL) and any term of imprisonment imposed as a sentence in Criminal Case No. 02-214(SEC)[1]. *Id.* at para. 17.g. During the change of plea (Rule 11) hearing, Ayala represented to the Court that he was satisfied with his attorney, María H. Sandoval and indicated that she had rendered effective legal assistance. *Id.* at para. 13. The Plea Agreement also incorporated a Statement of Facts which provided in part (and the defendant so admitted) that had the case gone to trial the government could prove beyond a reasonable doubt that on or about May 10, 2000, Ayala, possessed with intent to distribute, approximately 45.2 grams of cocaine base. The Plea Agreement was signed by Ayala and dated February 25, 2003.

As noted above, Ayala entered his guilty plea in open court. When Ayala appeared before the Court on February 25, 2003, he pleaded guilty to offenses within two different criminal cases: the one he now challenges in this § 2255 motion, Criminal Case No. 01-98(SEC), and a second criminal case identified within his Plea Agreement, under Criminal Case No. 02-214(SEC). Prior to entry of his guilty plea the following excerpted colloquy occurred between the District Court Judge and Ayala.

> **THE COURT**: Mr. Ayala, do you understand what is happening here today?
> **THE DEFENDANT**: Yes.
> **THE COURT**: Have you received a copy of the indictment pending against you, in other words the written charges made against you in each of these cases and have you fully discussed those charges and the case in general with your counsel?
> **THE DEFENDANT**: Yes.
> **THE COURT**: Are you fully satisfied with the counsel representation and advice given to you by your attorney, Ms. Sandoval?
> **THE DEFENDANT**: Yes.

---

[1] Ayala was indicted for participation in a drug conspiracy and ultimately plead guilty to conspiracy to the illegal possession with intent to distribute multi kilograms of heroin, cocaine and cocaine base. *Criminal Case No. 04-215(SEC)*, **Docket Nos. 1, 222, 255, 375.**

*Criminal Case No. 01-98(SEC)*, **Docket No. 60**, pp. 3-4.

The government read aloud the charges brought against Ayala in Count Two of the Indictment. The government advised the Court that the recommended sentence of 96 months was made pursuant to Fed.R.Crim.P. 11(e)(1)(C), and that it would also recommend that the 96 month sentence run concurrently with any other term of imprisonment that Ayala received. The government then appraised the Court of the particulars of the Plea Agreement. Next, the Court asked Ayala:

> **THE COURT**: Mr. Ayala, did you have the opportunity to read and discuss the plea agreement [sic] with your counsel before you signed them?
> **THE DEFENDANT**: Yes.
> **THE COURT**: Do you understanding [sic] the terms of the plea agreements?
> **THE DEFENDANT**: Yes. . . .
> **THE COURT**: Sir, does the plea agreement represent in its entirety all of your understandings with the government?
> **THE DEFENDANT**: Yes. . . .

*Id.* at pp. 10-11.

After again going through the charges filed against Ayala, the Court asked the government to give a brief explanation of the theory it would present to prove Ayala's guilt in the case. The government explained as follows:

> **AUSA DOBLE**: . . . . the United States would have proven that . . . Ayala, on or about May 10, 2000, possessed with intent to distribute approximately 45.2 grams, that is the net weight . . . of cocaine base, also known as crack cocaine. . . . the government would have presented at trial witnesses, narcotic samples, and audio and video. And a forensic chemist . . . would have testified that a test was performed on the substance [and] the results proved to be cocaine with a net weight of 45.2 grams and a purity of 87 percent. . . .
> **THE COURT**: . . . . Are you in agreement with the description of your participation as contained therein?
> **THE DEFENDANT**: Yes.
> **THE COURT**: Do you still want to plead guilty sir?
> **THE DEFENDANT:** Yes.

*Id.* at pp. 16, 18-19.

The Court found that Ayala was fully competent and capable of entering an informed plea, that he was aware of the nature of the charges and the consequences of the plea and

that his plea of guilty was knowing and voluntary, supported by an independent basis in fact containing each of the essential elements of the offense. *Id.* at p. 19.

Sentencing was held on June 27, 2003. *Id*. at **Docket No. 55**. At that time pursuant to the plea agreement the Court imposed a term of imprisonment of 96 months to be served concurrently with the sentence imposed in Criminal Case 02-214(SEC), a supervised release term of four years and a special monetary assessment of $100. *Id.* at. **Docket Nos. 55, 57**. On the same date, Ayala was sentenced to a term of 144 months imprisonment in Criminal Case No. 02-214(SEC). *Criminal Case No. 02-214(SEC)*, **Docket Nos. 370, 375**.

Judgment was entered on June 30, 2003. *Criminal Case No. 01-98,* **Docket No. 57**. Ayala did not file a direct appeal. On July 1, 2004, Ayala filed the present petition pursuant to 28 U.S.C. § 2255 (**Docket No. 1**). He raises two grounds for relief, both asserting ineffective assistance of trial counsel. Ayala claims that his trial counsel was ineffective in that she:

a) failed to file a motion to suppress consensual recorded telephone conversations; and

b) failed to challenge the drug estimate forming the basis of the indictment and subsequent guilty plea.

## II. Conclusions of Law

### A. Legal Standard

Pursuant to 28 U.S.C. § 2255 there are four grounds upon which a federal prisoner may base a claim for relief to wit, that: 1) the sentence was imposed in violation of the Constitution or laws of the United States; 2) the court was without jurisdiction to impose such sentence; 3) the sentence was in excess of the maximum authorized by law; and, 4) that the sentence is otherwise subject to collateral attack. A federal prisoner may claim "the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . ." 28 U.S.C. § 2255. However, such a petition may be summarily denied where it contains mere bald assertions without specific factual allegations.

*Barrett v. United States*, 965 F.2d 1184, 1186 (1st Cir. 1992). In addition, even a facially adequate petition may be denied without a hearing where the alleged facts are conclusively refuted by the files and records of the case. *Id.*; *accord, Lema v. United States*, 987 F.2d 48, 51-52 (1st Cir. 1993). In the present case Ayala did not request a hearing, and a review of the record indicated that it was not necessary to hold one.

Once sentence has been imposed, a plea may be set aside only on direct appeal or by motion under 28 U.S.C. § 2255. *United States v. Noriega-Millán*, 110 F.3d 162, 166 (1st Cir. 1997). "A defendant does not enjoy an absolute right to withdraw a plea of guilty, once it has been entered". *United States v. Miranda-Santiago*, 96 F.3d 517, 522 (1st Cir. 1996) (*citing United States v. Isom*, 85 F.3d 831, 834 (1st Cir. 1996)). A defendant, who never sought to withdraw his plea before the district court and challenges it for the first time on collateral attack under a § 2255 motion, bears a high hurdle. The defendant must come forward with sufficient evidence to demonstrate "a fundamental defect which inherently results in a complete miscarriage of justice." *Hill v. United States*, 368 U.S. 424, 428 (1962).

### B. Ineffective Assistance of Counsel Claim

Ayala rests his claim for § 2255 relief on the basis that trial counsel was ineffective. The U.S. Supreme Court has set forth a two-prong test to determine whether a defendant has been denied a Sixth Amendment right to counsel. A conviction may be set aside because of ineffective assistance of counsel if: (a) considering all the circumstances, counsel's performance fell below an objective standard of reasonableness; and (b) there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668 (1984); *accord*, *Cofske v. United States,* 290 F.3d 437, 441 (1st Cir. 2002). This standard applies to challenges to guilty pleas, as well as attacks on convictions resulting from trials. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). When a petitioner challenges a guilty plea on the grounds of ineffective legal assistance, in order to show prejudice he must prove that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59; *accord*, *United States v.*

*Mateo*, 950 F.2d 44, 47 (1st Cir. 1991).

To satisfy the first prong Ayala must overcome a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Thus, the errors of counsel must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. In making this determination, "tactical decisions, whether wise or unwise, successful or unsuccessful, cannot ordinarily form the basis of a claim of ineffective assistance." *United States v. Ortíz-Oliveras,* 717 F.2d 1, 3-4 (1st Cir. 1983). Under the second prong, even where unprofessional error during the plea process is shown, no relief is available absent demonstration of a "reasonable probability that, but for counsel's errors, [Ayala] would not have pleaded guilty and would have insisted on going to trial." *Hill,* 474 U.S. at 59. In a post-conviction proceeding, the burden is on the petitioner to demonstrate ineffective assistance by a preponderance of the evidence. *Scarpa v. DuBois,* 38 F.3d 1, 8-9 (1st Cir.1994)*; Lema v. United States*, 987 F.2d 48, 51 (1st Cir. 1993).

### 1.   Failure to Move for the Suppression of Evidence

The first ground raised by Ayala is that his counsel was ineffective because she did not file a motion to suppress consensual recorded telephone conversations obtained by an informant. Ayala makes the broad claim that the recordings were made in violation of Drug Enforcement Agency (hereafter "DEA") regulations and Title III statutory requirements. The government responds that there is nothing in the record to indicate that the consensual recorded conversations were illegal or that there were grounds to file a motion to suppress.

The federal wiretapping statute, 18 U.S.C. §§ 2511(2)(d), provides that "it shall not be unlawful. . . for a person. . . to intercept a wire, oral, or electronic communication where such person is a party to the communication or where one of the parties to the communication has given consent to such interception." Indeed, although "Title III. . . regulates electronic surveillance conducted without the consent of either party to a conversation, federal statutes impose no restrictions on recording a conversation with the

consent of one of the conversants." *United States v. Cáceres,* 440 U.S. 741, 750 (1979); *United States v. White,* 401 U.S. 745, 749-52 (1971);*United States v. Amen,* 831 F.2d 373, 378 (2d Cir. 1988); *United States v. Boley,* 730 F.2d 1326, 1332 (10th Cir.1984); *United States v. Kelly,* 708 F.2d 121, 124 (3rd Cir. 1983); *United States v. Salisbury,* 662 F.2d 738, 739-40 (11th Cir.1981).

Ayala's contention that his counsel was ineffective for failing to file a motion to suppress the consensual recordings is without merit. In his motion he acknowledges that the recorded conversations were consensual and obtained by a government informant. More so, the burden of proof remains with Ayala and he presents nothing to support his assertion that the recordings were obtained in violation of DEA regulations and Title III requirements.

Lastly, Ayala contends counsel was ineffective for not filing a motion to have said recordings suppressed. In this regards, it is clear that counsel's tactical decision not to file baseless motions cannot be considered ineffective. Far from it, particularly, when the case law is quite clear that a motion to suppress a consensual recording is doomed to fail. The case law clearly establishes that "[t]actical decisions, whether wise or unwise, successful or unsuccessful, cannot ordinarily form the basis of a claim of ineffective assistance." *Ortíz-Oliveras,* 717 F.2d at 3-4.

It is, therefore, **RECOMMENDED** that Ayala's assertion of ineffective assistance of counsel for failure to file a motion to suppress consensually recorded conversations be **DENIED**.

### 2. Drug Quantities

Ayala's second ground for relief is that his attorney failed to challenge the drug estimate forming the basis of the indictment and the subsequent plea. He argues that the drug quantities established were the result of sentencing manipulation by the DEA in that the DEA continued, over a period of time, with drug purchases to bolster the amount of drugs sold[2]. Once again the government objects and asserts that the claim is without merit. It notes that

---

[2] Ayala makes no contention that he did not sell the drugs.

counsel for Ayala negotiated a plea agreement that recommended an eight year sentence, and in the absence of said plea agreement Ayala would have been exposed to a mandatory minimum sentence of ten years.

Ayala's position regarding the drug estimate and the indictment does not take into account his attorney's actions early on in the criminal proceedings.  The record shows that Ayala's defense counsel filed a motion to dismiss the indictment asserting that 21 U.S.C. § 841(a) and (b) was unconstitutional on its face in light of *Apprendi v. New Jersey,* 530 U.S. 466, 490 (2000), wherein the United States Supreme Court held that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Criminal Case No. 01-89(SEC)*, **Docket No. 17**.  Ayala's counsel argued that the penalties of § 841(a) increased in severity based upon drug type and quantity determination.  While the motion to dismiss was unsuccessful, it does not discount the fact that Ayala's attorney made an effort to challenge the indictment with relation to the drug quantities charged and sentencing.  *See Criminal Case No. 01-89(SEC)*, **Docket No. 19**.

The actual drug quantity that was considered at the time of his sentence goes to the issue of Ayala's plea.  If a defendant's guilty plea has not been entered voluntarily, it has been obtained in violation of due process and is therefore void. *Boykin v. Alabama*, 395 U.S. 238, 242 (1969); *United States v. McDonald*, 121 F.3d 7, 10 (1st Cir. 1997).  In order to satisfy the due process guarantee, a guilty plea must be entered "with sufficient awareness of the relevant circumstances and likely consequences."  *Brady v. United States*, 397 U.S. 742, 748 (1970); *United States v. Noriega-Millán*, 110 F.3d 162, 166 (1st Cir. 1997).  To prevail on this claim, Ayala "must prove by a preponderance of the evidence that his counsel unreasonably erred in permitting him to plead guilty, and that prejudice resulted." *Cody v. United States,* 249 F.3d 47, 52 (1st Cir. 2001) (*citing Strickland v. Washington,* 466 U.S. 668, 687 (1984)).  This, Ayala has failed to do.

During the Change of Plea hearing the government stated that had the case gone to

trial it would prove that Ayala illegally possessed 45.2 grams of cocaine base by presenting witnesses, narcotic samples, audio and video tapes, and testimony from a forensic chemist regarding the purity of the drug seized.  At the Rule 11 hearing, the Court specifically asked Ayala if he agreed with the description of his participation in the crime charged and he replied, "Yes".  More so, after hearing the government's proffer of evidence (the Government's Version of Facts), he was again asked if he wished to plead guilty, and again Ayala responded in the affirmative.

The record reflects that Ayala was fully informed of the conditions and consequences of his plea by the Court during his change of plea hearing, and expressly acknowledged such understanding.  The record is clear and establishes that Ayala was competent and fully aware of his actions.  He was thoroughly examined and responded in the negative when asked if he was in any way forced into signing the plea agreement and stated that he wanted to waive his right to a trial. Moreover, Ayala indicated that he was satisfied with the legal representation provided by his trial counsel.  Additionally, petitioner acknowledged that he was aware that by pleading guilty the government would recommend a sentence of 96 months of imprisonment, and that is exactly the sentence that he received.  It is important to note, that the plea agreement which provided for a specific recommendation as to sentence, was entered pursuant to F. R. Crim P. Rule 11 (e)(1)(C) which provides that in cases where the sentencing court refuses to accept the sentencing recommendation stipulated or recommended by the parties, the defendant may withdraw his guilty plea and insist on his right to a trial.  In this case, Ayala received the sentence he bargained for and that he recommended to the court pursuant to the plea agreement.

Ayala fails even to assert what the correct quantity of drugs should be, but merely argues that his attorney should have challenged the amount attributable to him.  However, at the change of plea, Ayala stipulated to the drug quantity.  Accordingly Ayala's argument is insufficient to establish the ineffectiveness of his counsel.  *See Jensen v. United States*, 30 Fed. Appx. 852, 2002 WL 215232 (10th Cir. 2002).  In sum, Ayala  has failed to show that his

counsel's advice fell outside the wide range of constitutionally competent performance in this regard. The failure of Ayala's attorney to argue for a lower drug quantity would only have been deficient performance if the different quantity would have resulted in a different sentence. There is nothing in the record to indicate this to be the case.

Finally, Ayala's statements at the plea proceeding, his failure to object to the portions of the presentence report based on the agreed-upon drug quantity, and to otherwise object at his sentencing to that amount (or the guidelines calculations produced by it) establish that Ayala agreed with the stipulated drug amount and fully understood its implications at all times.

Accordingly, it is therefore **RECOMMENDED** that Ayala's claim regarding ineffective assistance of counsel based on counsel's failure to challenge the drug quantity charged and agreed to in the plea agreement be **DENIED**.

### III.   Conclusion

The record before the Court shows nothing that points to error or prejudice. In exchange for Ayala's guilty plea as to Count Two of the indictment, filed under Crim No. 01-098(SEC) the government agreed to dismiss the two remaining counts. Ayala's attorney was successful in securing favorable a plea bargain for her client not only in Crim. No. 01-098 (SEC) but also secured the negotiation and a recommendation, for concurrent sentences to be imposed in Crim. No. 02-214(SEC). Upon he entering a guilty plea as to Count One of said indictment. Had there been no plea agreement, the government would have been free to seek convictions on all of the counts charged in the indictment, and if proven, those counts would have carried a harsher sentence for Ayala. With regard to prejudice, Ayala has not alleged, much less provided proof, that absent his attorney's supposed errors he would have withdrawn his guilty plea and insisted on going to trial.

Based upon the foregoing analysis, IT IS THEREFORE **RECOMMENDED** that motion for relief under 28 U.S.C. § 2255 (**Docket No. 1**) be **DENIED** and **DISMISSED**.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and

Rule 72(a) of the Local Rules of Court. Any objections to the same must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt. Rule 72(d), Local Rules of Court; Fed. R. Civ. P. 72(b). Failure to timely file specific objections to the Report and Recommendation waives the right to review by the District Court, and waives the right to appeal the District Court's order. *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Park Motor Mart, Inc. v. Ford Motor Co*., 616 F.2d 603 (1st Cir. 1980). The parties are advised that review of a Magistrate-Judge's Report and Recommendation by a District Judge does not necessarily confer entitlement as of right to a *de novo* hearing and does not permit consideration of issues not raised before the Magistrate-Judge. *Paterson-Leitch v. Massachusetts Elec.*, 840 F.2d 985 (1st Cir. 1988).

**SO RECOMMENDED.**

At San Juan, Puerto Rico, this 21st day of July, 2005.

**AIDA M. DELGADO-COLON**
**U.S. Magistrate-Judge**